**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lelia Vincent and Patrick Vincent, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  13 C 5625 |
| Chuhak & Tecson, P.C., an Illinois professional corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiffs, Lelia Vincent and Patrick Vincent, individually and on behalf of all others similarly situated, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and allege:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiffs reside here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiffs, Lelia Vincent and Patrick Vincent ("the Vincents"), are citizens of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant

1

attempted to collect a delinquent consumer debt allegedly owed for condominium fees.

4.      Defendant, Chuhak & Tecson ("Chuhak"), is an Illinois professional corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Chuhak was acting as a debt collector as to the debt it attempted to collect from Plaintiffs Vincent.

## FACTUAL ALLEGATIONS

5.      Defendant Chuhak sent the Vincents an initial form collection letter, dated February 21, 2013, demanding payment of the delinquent consumer debt that they allegedly owed for condominium fees.  The letter stated, in pertinent part:

\* \* \*

> This is your Notice that payment in full of the amount stated above is demanded of you, and that unless payment of the full amount is made on or before the expiration of thirty (30) days after receipt of this Notice, your right to possession of the premises will be terminated.

\* \* \*

A copy of this letter is attached as Exhibit A.

6.      All of Defendant Chuhak's collection actions at issue in this matter occurred within one year of the date of this Complaint.

7.      Defendant Chuhak's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g –
### Overshadowing And/Or Ineffectively Conveying
### The 30-Day Validation Notice

8. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

9. Here, although Defendant Chuhak's initial collection letter (Exhibit A) contains the notice required by § 1692g of the FDCPA, that notice was not effectively conveyed or rendered ineffective by other language in that letter. Specifically, the statement that "This is your Notice that payment in full of the amount stated above is demanded of you, and that unless payment of the full amount is made on or before the expiration of thirty (30) days after receipt of this Notice, your right to possession of the premises will be terminated", would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were. Thus, Defendant Chuhak's form collection letter violates § 1692g of the FDCPA. See, Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

10. Defendant Chuhak's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

11.    Plaintiffs, Lelia Vincent and Patrick Vincent, bring this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for condominium fees, via the same form collection letter (Exhibit A), that Defendant sent to Plaintiffs, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

12.    Defendant Chuhak regularly engages in debt collection, using the same form collection letter it sent the Vincents, in its attempts to collect delinquent consumer debts from other persons.

13.    The Class consists of more than 35 persons from whom Defendant Chuhak attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent the Vincents.

14.    Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

15.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

4

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

16.      The Vincents will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, the Vincents have retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiffs, Lelia Vincent and Patrick Vincent, individually and on behalf of all others similarly situated, pray that this Court:

1.      Certify this action as a class action;

2.      Appoint Lelia Vincent and Patrick Vincent as Class Representatives of the Class, and their attorneys as Class Counsel;

3.      Find that Defendant's form collection letter violate the FDCPA;

4.      Enter judgment in favor of the Vincents and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

5

**JURY DEMAND**

Plaintiffs, Lelia Vincent and Patrick Vincent, individually and on behalf of all

others similarly situated, demand trial by jury.

<div style="margin-left: 50%;">

Lelia Vincent and Patrick Vincent,
individually and on behalf of all
others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiffs' Attorneys

</div>

Dated: August 7, 2013

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com