IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELIA VINCENT AND PATRICK VINCENT, individually and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br>v. </br></br>CHUHAK & TECSON, P.C., an Illinois professional corporation, </br></br> Defendant. | No. 13 C 5625 </br></br> Judge John F. Grady </br></br> Magistrate Judge Sheila Finnegan |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS CLASS ACTION COMPLAINT**

Defendant Chuhak & Tecson, P.C., by its attorneys Michael J. Flaherty and the law firm of Flaherty & Youngerman, P.C., hereby tenders its Memorandum of Law in Support of its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Class Action Complaint.

**INTRODUCTION**

In their Class Action Complaint, Plaintiffs Lelia and Patrick Vincent raise an issue similar to one that has already been briefed and that this Court has taken under advisement in the case captioned *McCarter v. Kovitz Shifrin Nesbit, No. 13 CV 3909*. Both this case and *McCarter* involve collection letters authorized under the Illinois Forcible Entry and Detainer Act, *735 ILCS 5/9-101 et seq.* ("the FED Act"), that were sent by the respective defendant law firms on behalf of their condominium association clients to unit owners who were delinquent in paying their condominium assessments. In both cases, the putative class plaintiffs allege that the collection letters violated § 1692g of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA") because the plaintiffs claim that the letters confused them as to their 30-day

validation rights under the FDCPA.[1] For the reasons set forth in Defendant Kovitz Shifrin Nesbit, P.C.'s Fed. R. Civ. P. 12(b)(6) motion to dismiss and memorandum in support thereof filed in the *McCarter* case, some of which argument is restated below because of its on-target analysis, and for the additional reasons set forth below, this Court should dismiss Plaintiffs Lelia and Patrick Vincent's Class Action Complaint with prejudice as a matter of law.

## **ARGUMENT**

The language contained in the collection letter attached as Exhibit A to the Complaint *(Complaint ("C.") Exhibit A (Doc. 1-1))* ("the Notice") is entirely consistent with the requirements of the FDCPA, and is either mandated by or patterned after the provisions contained in § 104.1(b) of the FED Act. Thus, no actionable basis exists for Plaintiffs' claim of confusion and no set of facts exist for which relief could ever be granted.

Plaintiffs quote only one (1) sentence from the Notice in their Complaint *(C. ¶ 5)*, The Notice provides in full pertinent part as follows:

Dear Lelia Vincent, Patrick Vincent and Unknown Occupants:

This is your notice that there is due to the Board of Managers of Rivercrest Meadows Condominium, Inc. the sum of $1,153.87 for your proportionate share of the expenses of administration, maintenance and repair on the common elements and/or any outstanding fines and the costs, expenses and attorneys' fees claimed under the Declaration for collection as itemized in Exhibit "A" attached hereto for the premises situated in [redacted in Complaint] IL, County of Cook, commonly known as:

[redacted in Complaint]

This is your notice that if you notify this office within 30 days of receipt of this document that you dispute the validity of the debt or any portion thereof, we will obtain a verification of the debt and a copy of the verification will be mailed to you. After 30 days, if we do not receive a request from you, we will assume the debt is valid and proceed to collect the amount the association claims you owe. As provided in your Declaration, all legal fees and costs incurred by the association to collect your debt will be added to your account.

---

[1] The plaintiff in *McCarter* raised other claims that are not at issue in this case.

2

This is your Notice that payment in full of the amount stated above is demanded of you, and that unless payment of the full amount is made on or before the expiration of thirty (30) days after receipt of this Notice, your right to possession of the premises will be terminated. You must pay the full amount noted, and mail to the law firm of Chuhak & Tecson, P.C., 30 S. Wacker Drive, Suite 2600, Chicago, Illinois 60606, (312) 201-3449. <u>Only full payment of all amounts demanded in this notice will invalidate the demand, unless Rivercrest Meadows Condominium, Inc. or its agent and attorney, Chuhak & Tecson, P.C., agree in writing to withdraw the demand in exchange for receiving partial payment.</u> Payment to or through any other than Chuhak & Tecson, P.C., or payment of less than the full amount due and owing, is not permitted and will not terminate this action or the suit to terminate your possession of the unit identified above. **Only a cashier's check, certified check or money order payable to Rivercrest Meadows Condominium, Inc. will be accepted.**

**THIS NOTICE TO YOU IS AN ATTEMPT TO COLLECT A DEBT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*(Complaint Ex. A (Doc. 1-1))* (emphasis, capitalizations and bolded text in original).

Following *Gammon v. GC Services Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)*, this Court held in *Chapman v. Ontra, Inc., 1997 WL 321681, *2 (N.D. Ill. June 6, 1997)*, that FDCPA claims are to be evaluated "through the eyes of the 'unsophisticated consumer,' but with reasonableness to prevent finding liability for unrealistic or peculiar interpretations of collection letters." Notwithstanding the label, an "unsophisticated consumer" is defined as being "wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., 505 F.3d 675, 678 (7th Cir. 2007)*.

Plaintiffs' only claim is that the language in the letter: "unless payment of the full amount is made on or before the expiration of thirty (30) days after receipt of this Notice, your right to possession of the premises will be terminated" violates § 1692a of the FDCPA. *(C. ¶ 9)*. Plaintiffs' claim is utterly meritless because no inconsistency or contradiction exists between the FDCPA notification language and the FED Act demand.

The FDCPA language in the Notice gives Plaintiffs 30 days from receipt of the Notice to dispute the validity of the debt and request verification. *(Doc. 1-1 at ¶ 2)*. The FED Act language in the Notice gives Plaintiffs the same full 30 days from receipt of the Notice to make payment of the amount demanded before further legal action is taken. *(Id. at ¶ 3)*. An unsophisticated consumer should have no trouble recognizing that he or she has a full 30 days from receipt of the Notice to dispute the validity of the debt without further legal action being taken.

There can be no dispute that the Notice complies with the Seventh Circuit's safe harbor language set forth in *Bartlett v. Heibl, 128 F.3d 497, 501-502 (7th Cir. 1997),* by providing that "if you notify this office within 30 days of receipt of this document that you dispute the validity of the debt or any portion thereof, we will obtain a verification of the debt . . . *After* 30 days, if we do not receive a request from you, we will assume this debt is valid and proceed to collect . . ." *(Doc. 1-1 at ¶ 2)* (emphasis added).

The FDCPA expressly "does not annul, alter, or affect ... the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provisions of this subchapter, and then only to the extent of the inconsistency." *15 U.S.C. § 1692n.* The FDCPA notification language in the Notice is entirely consistent with the 30 day notice period set forth in the FED Act. Section 104.1 of the FED Act provides, in pertinent part, as follows:

> (a)  In case . . . of condominium property, the demand shall give . . . the condominium unit owner . . . at least 30 days to satisfy the terms of the demand before an action is filed.

*735 ILCS 5/9-104.1.* The Merriam-Webster dictionary defines the term "at least" as meaning "at the minimum." (*http://www.merriam-webster.com/dictionary/least*). The Notice complied with the FED Act by allowing the Plaintiffs the full 30 days following receipt of the Notice to make

4

payment. *(Doc. 1-1 at ¶ 3)* (payment to be "made on or before the expiration of thirty (30) days after receipt of this Notice"). Because Plaintiffs had "at least 30 days" to satisfy the demand before legal action would be taken, the Notice complied with both the FDCPA and the FED Act, and was not internally inconsistent. Plaintiffs cannot viably claim confusion.

The facts in this case are different from the facts in *Chauncy v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997)*, cited by Plaintiffs in their Complaint at ¶ 9. In *Chauncy,* the defendant argued "that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (*i.e.,* "within thirty (30) days"). But the letter required that plaintiff's payment be *received* within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply." *Id. at 519* (emphasis in original). The Court specifically found that the improper contradiction was in the requirement that the plaintiff mail the payment before the 30 days ran so that it would be *received* within 30 days, whereas the FDCPA gave the plaintiffs the full 30 days to contest the debt.

Here, however, the Notice makes clear that Plaintiffs could make payment on the 30th day after Plaintiffs' receipt of the Notice. The Notice does not require the payment to have been received by the condominium association or its agents on or before the 30th day. The 30 day FED Act payment requirement is consistent with the 30 day FDCPA dispute period. Plaintiffs' claim in this case is exactly the type of claim that this Court warned about in *Chapman, supra*. Plaintiffs seek an "unrealistic or peculiar" if not frivolous interpretation of Defendant's collection letter.

## **CONCLUSION**

Because no inconsistency or confusion reasonably exists, for the reasons set forth above, the Court should dismiss Plaintiffs' Class Action Complaint with prejudice and award such other relief it deems just and proper.

CHUHAK & TECSON, P.C.

By: /s/ Michael J. Flaherty
　　　One of its attorneys

Michael J. Flaherty, Esq. (ARDC #6187147)
Flaherty & Youngerman, P.C.
20 S. Clark Street, Suite 1050
Chicago, IL 60603
312-782-4700