IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LELIA VINCENT and PATRICK VINCENT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 5625 |
| v. | ) ) | Judge Grady |
| CHUHAK & TECSON, P.C., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Chuhak & Tecson, P.C. ("Chuhak") hereby submits its Reply in further support of its motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

**I.**

**Plaintiffs Fail to Rebut Defendant's Argument that
The Complaint Fails to State a Claim under Rule 12(b)(6)**

Plaintiffs assert that the following language from Defendant's notice constitutes a violation of 15 U.S.C. §1692g of the Fair Debt Collection Practices Act ("FDCPA"):

> "unless payment of the full amount is made on or before the expiration of thirty (30) days after receipt of this Notice, your right to possession of the premises will be terminated."

However, they cannot come forward with any argument or any allegations of fact that support their conclusory assertion that Defendant's validation notice fails to comply with the FDCPA.

With respect to the standard that a pleading must meet for purposes of Rule 12(b)(6), the Seventh Circuit has held:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, [556 U.S. 662, 678], 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955,

167 L.Ed.2d 929 (2007)). A "formulaic recitation of the elements of a cause of action will not do." *Id*.

*Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action*,* supported by mere conclusory statements, do not suffice." *Id.*

Instead, the complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges v. Gilbert*, 667 F.3d 541, 546 (7th Cir. 2009) (emphasis by court). Furthermore, "[a] claim has facial plausibility *when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" *Iqbal,* 556 U.S. at 678 (emphasis supplied). The plausibility standard set forth by *Twombly* and *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully ... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Iqbal*, 556 U.S. at 678*.*

## II.

### The Notice that Defendant Sent to Plaintiffs
### Is Consistent with Seventh Circuit Precedent

In *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), the court stated:

> A "validation notice" is required by law to be presented in letters seeking to collect debts. FDCPA, 15 U.S.C. §1692g. Essentially, the notice required by §1692g must tell the target that she has 30 days to dispute the validity of all or a portion of the debt. If not disputed, the collector may assume the debt to be void.

84 F.3d at 226. The notice here does this, and Plaintiffs fail to argue or allege why it does not. Therefore, the Complaint should be dismissed because it fails to set forth sufficient factual

allegations to permit a reasonable inference that Defendant is liable.

In *Avila*, the court found a violation of the FDCPA but only where the notice stated that, if the 30-day validation period "does not apply to you, we shall expect payment or arrangement for payment to be made within ten (10) days from the date of this letter." *Id.* The notice here contains no such language and so *Avila* is inapposite.

In *Seplak v. IMBS, Inc.,* 1999 U.S. Dist. LEXIS 2106 (N.D. Ill. 1999), the court found that a violation of the FDCPA could exist where the defendant followed its debt validation notice with another letter, during the 30-day period, stating that the plaintiff could avoid "accelerated collection activity" by making payment "at this time." *Id.* at *2. No such facts are present here. Therefore, *Seplak* is inapposite.

In *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir. 1997), the court found a violation of the FDCPA but only where the notice in question specified that payment must be "*received*" during the 30-day validation period. 118 F.3d at 519 (emphasis by court). The emphasis on date of receipt as opposed to date of mailing comes straight from the Seventh Circuit's decision; it is not Defendant's invention, as Plaintiff misleadingly suggests.

In *Chauncey*, the defendant argued that the plaintiff could have made payment or furnished a validation request such that either would have been received by the end of the 30-day validation period; hence, no confusion. The court, though, noted that such a construction would require the plaintiff to take action before the end of the 30-day validation period in order to ensure *receipt* by the defendant during that 30-day period. This, the court found, would improperly shorten the time period allotted to the plaintiff under §1692g. 118 F.3d at 519.

Here, the notice does not specify, and Defendant does not argue, that Plaintiffs had to take some form of action such that notice would have been *received* before the end of the 30-day

validation notice period. Therefore, *Chauncey* is inapposite.

In *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997) the notice in question demanded payment within one week but also stated that the plaintiff could contest the debt within thirty days. The court found this contradiction inherently confusing:

> On the one hand, Heibl's letter tells the debtor that if he doesn't pay within a week he's going to be sued. On the other hand, it tells him that he can contest the debt within thirty days. This leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day. He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit. The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish.

128 F.3d at 501.

Here, the notice in question does not juxtapose two different periods of time so as to turn the disclosure into gibberish. Instead, consumers would understand that payment was being demanded within thirty days. They also would understand that, if they disputed the validity of the debt, they could notify Defendant within that same thirty-day period and obtain a verification of the debt. They also would understand that, if they did not dispute the debt within thirty days, then Defendant would proceed to collect the amount of the claimed debt.

Therefore, Defendant's notice to the Plaintiffs, attached to the Complaint, fully complies with the FDCPA and so the Complaint fails to state a claim for violation of that statute.

### III.

### The Notice that Defendant Sent to Plaintiffs Incorporates Additional Requirements of Illinois Statutory Law

Plaintiffs' response in opposition fails to rebut Defendant's argument based on the effect of the Illinois Forcible Entry and Detainer Act (the "FED Act"). Under the FED Act,

> The person entitled to the possession of lands or tenements may be restored thereto under any of the following circumstances:

4

...

(7) When any property is subject to the provisions of the Condominium Property Act, the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property, or of any other expenses lawfully agreed upon or any unpaid fine, the Board of Managers or its agents have served the demand set forth in Section 9-104.1 of this Article in the manner provided for in that Section and the unit owner has failed to pay the amount claimed within the time prescribed in the demand; ....

735 ILCS 5/9-102(a).

Under Section 9-104.1 of the FED Act, "the demand shall give ... the condominium unit owner ... at least 30 days to satisfy the terms of the demand before an action is filed." 735 ILCS 5/9-104.1(a). The cases discussed above do not address the interplay between the FDCPA and the FED Act and so are distinguishable to that extent.

Defendant crafted its notice to comply not only with the provisions of the FDCPA but also with the provisions of the FED Act. Indeed, the following sentence from Defendant's notice, "<u>Only full amount of all amounts demanded in this notice will invalidate the demand, unless Rivercrest Meadows Condominium, Inc. or its agent and attorney, Chuhak & Tecson, P.C., agree in writing to withdraw the demand in exchange for receiving partial payment.</u>" (underlining in original), is expressly required by Section 9-104.1(b) of the FED Act. 735 ILCS 5/9-104.1(b).

In the demand here, the 30-day notice period in the FDCPA and the 30-day notice period in the FED Act dovetail neatly together so as to avoid confusion. Plaintiffs' suggestion that the FED Act requires advance notice of only "at least 30 days" and that Defendant therefore should have demanded payment in a time period greater than 30 days is without merit for two reasons. First, the FED Act requires the condominium association to refrain from filing any action for possession until after the time period set forth in the demand elapses. *See*, 735 ILCS 5/9-104.1(a). To insist that Defendant employ a demand period in excess of 30 days would unfairly

5

prejudice Defendant's client's rights under the FED Act.

Second, to require Defendant to employ two different time periods in its notice, one of 30 days as mandated by the FDCPA, and another in excess of 30 days when no statute or law requires such a greater time period, would sow needless confusion into the notice and run contrary to the reasoning of *Avila*, *Chauncey* and *Bartlett*, as discussed above.

Next, the FED Act expressly provides that the statutory notice required by Section 9-104.1 may be signed by an attorney. 735 ILCS 5/9-104.1(a) ("The demand shall be signed by the person claiming such possession, his or her agent, *or attorney*." (emphasis supplied). Plaintiffs' suggestion that Defendant should have refrained from signing the notice required by the FED Act so as to comply with the FDCPA ignores the fact that Defendant is expressly authorized by the Illinois statute to sign that notice. Further, the FDCPA expressly provides that it "does not annul, alter, or affect ... the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provisions of this subchapter, and then only to the extent of the inconsistency." 15 U.S.C. §1692n. Plaintiffs do not contend that the FED Act is inconsistent with the FDCPA and thereby annulled by it in whole or in part. Therefore, Plaintiffs' argument is without merit.

Finally, Plaintiffs suggest that Defendant's notice is confusing because it does not inform them that any litigation efforts would be suspended during the 30-day notice period if Plaintiffs sought validation of their debt. However, if Defendant's notice were to have stated that any litigation efforts would be suspended during the 30-day notice period if Plaintiffs sought validation of their debt, Plaintiffs likely would be complaining that the inclusion of such language was itself false and misleading. Indeed, under the FED Act, Defendant and its client are *expressly forbidden* from filing any action for possession until *after* the expiration of the 30-day

notice period. 735 ILCS 5/9-104.1(a). Although the FDCPA does not preclude the immediate commencement of litigation, the FED Act *does*. Neither *Bartlett* nor any of the other cases discussed above addresses the situation presented here, where the party sending the notice was bound to comply with a state statute that forbade commencement of litigation during the thirty days following the notice.

Were Defendant to have stated that any litigation efforts during the 30-day period may be suspended if Plaintiffs took certain action, such a statement would be false and misleading by suggesting that Defendant or its client had some legal right to commence such an action during those thirty days. Defendant and its client had no such right. By not including such language, Defendant's notice scrupulously refrained from giving Plaintiffs any false or misleading notice about their legal rights. Therefore, Defendant's notice complies with the reasoning of *Bartlett*, as well as the other cases discussed above. Plaintiffs' argument to the contrary is without merit, and tantamount to an insistence that Defendant should have been less honest with them.

Defendant's notice to Plaintiffs cannot constitute a violation of the FDCPA because it satisfies the requirements of 15 U.S.C. §1692g. Nor can it constitute a violation of the FDCPA through its adherence to the additional requirements of Illinois' FED Act. Therefore, Defendant's motion to dismiss for failure to state a claim should be granted.

CHUHAK & TECSON, P.C.

By:   /s/ Christopher L. Gallinari
One of the attorneys for Defendant

Michael J. Flaherty
Christopher L. Gallinari
Flaherty & Youngerman, P.C.
20 S. Clark Street, Suite 1050
Chicago, IL 60603
312-782-4700

## Certificate of Service

I, Christopher L. Gallinari, hereby certify that I caused a copy of this document to be served upon all counsel of record for all parties via ECF on this 23rd day of October, 2013.

/s/Christopher L. Gallinari