**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Leila Vincent, Patrick Vincent, Michelle Lockett, in her own right and as next friend to Sebastian Lorenzo, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 13 C 5625 |
| Chuhak & Tecson, P.C., an Illinois corporation, | ) ) ) ) | Judge St. Eve |
| Defendant. | ) | |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated July 28, 2014.

2. On August 14, 2014, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved by this Court and a Class was certified in this matter based upon the parties' stipulations and solely for the purpose of settlement.

3. Pursuant to this Court's Order and ¶ 9 of the Settlement Agreement, the Notice of Class Action was mailed by Plaintiffs' Counsel to each of the 323 members of

the Class. 9 notices were returned by the United States Postal Service as undeliverable, and re-mailed, 55 were returned by the United States Postal Service as undeliverable with no further information. The dissemination of Notice, as provided in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed.R.Civ.P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members opted-out of this action, while 63 members of the Class returned claim forms.

5. The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendant denies that it has in any way violated the FDCPA.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is up to $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000. Here, 1% of Defendant's net worth would not result in a distribution to the class.

8. The Settlement Agreement calls for the Defendant to change the form of the collection letter at issue. Moreover, Defendant has also agreed to pay $1,000 to each of the Class Representatives, Lelia Vincent, Patrick Vincent, Michelle Lockett and Sebastian Lorenzo, and pay $10,000 to the Class to be distributed pro-rata to each of the 63 class members who returned a claim form, which will be about $158.73 each.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiffs and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. The $10,000 Class settlement fund shall be distributed, within 45 days of the final approval of the settlement, by Class Counsel, as set forth above, by U.S. Mail to each of the members of the Class who returned a claim form. Any portion of the $10,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, shall be distributed equally to the Prairie State Legal Services ("Prairie") and the Chicago Clinic ("CLC") as a cy pres remedy. And, 120 days after final approval, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the cy pres recipients.

11. Pursuant to ¶¶ 7 and 8 of the Settlement Agreement, the Defendant has agreed to pay Class Counsel $50,000 for their attorneys' fees and costs and $1,000 for class mailing and settlement distribution. Class Counsel has submitted a motion detailing that their hourly rates (David J. Philipps - $525; Mary E. Philipps - $515; Angie K. Robertson - $230; Paralegal - $175; Daniel A. Edelman - $600; Michelle R. Teggelaar - $480; Paralegal - $125) and the hours worked, as well as the costs incurred. These hourly rates and the work performed are hereby approved.

Accordingly, in that their fees and costs exceed $50,000, the payment of this amount is approved as the Court finds it to be fair and reasonable.

12. Pursuant to ¶ 8 of the Settlement Agreement, the $4,000 due to the Class Representatives, the $10,000 due to the Class, the $1,000 for the class mailing and settlement distribution, and the $50,000 due to Class Counsel for their attorneys' fees and costs, shall be paid by Defendant to the Philipps & Philipps, Ltd., Fiduciary Account within 30 days of the date of this order, which is to be held in trust until the appeal period has run.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated July 28, 2014, is hereby approved.

2. Plaintiffs and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Chuhak & Tecson, P.C., and its past or present parents, affiliates, subsidiaries, successors, predecessors, assignors and assigns, and their present or former directors, officers, partners, members, principals, employees, agents, insurers and attorneys, ("Released Parties") including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; and, the Released Parties shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k (a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiffs, their Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against Defendant

in this action.

3. Defendant shall pay $65,000 ($4,000 due to the Class Representative, $10,000 to the Class, $1,000 for the class mailing and settlement distribution and $50,000 due for Class Counsels' attorneys' fees and costs) to the Philipps & Philipps, Ltd., Fiduciary Account within 30 days of the final approval of the this settlement; 120 days after the approval of the settlement, Class Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or remain uncashed, and shall distribute any remaining funds to the Prairie State Legal Services and the Chicago Legal Clinic as a <u>cy pres</u> remedy.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class the dismissal will be converted to a dismissal with prejudice, and the Court shall no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action, and except as otherwise provided herein, the parties are to bear their own fees and costs.

_____
Judge Amy J. St. Eve
United States District Court

DATED: November 24, 2014

5